IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

**DARREN BUNEO,**                                Case No.:

Plaintiff,                                       2:26-CV-300-RCD-NPM

v.

UNITED STATES DEPARTMENT OF

JUSTICE;

OFFICE OF JUSTICE PROGRAMS;

BUREAU OF JUSTICE ASSISTANCE; and

PUBLIC SAFETY OFFICERS' BENEFITS

PROGRAM (PSOB),

Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

(REHABILITATION ACT § 504 / § 508 - MEANINGFUL ACCESS; APA; FIFTH

AMENDMENT DUE PROCESS)

Plaintiff Darren Buneo, proceeding pro se, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to remedy the denial of meaningful access to a federal benefits program and its communications process.

2. Plaintiff alleges that Defendants failed to ensure accessible, reliable communication and failed to implement effective accommodations after notice, thereby impairing Plaintiff's ability to participate in and pursue program benefits and administrative action.

3. Plaintiff brings claims under the Rehabilitation Act of 1973, including Section 504 (29 U.S.C. § 794) and Section 508 (29 U.S.C. § 794d), the Administrative Procedure Act (APA), 5 U.S.C. §§ 702-706, and the Fifth Amendment to the United States Constitution.

## JURISDICTION AND VENUE

4. This action arises under the Constitution and laws of the United States, including the Rehabilitation Act, the APA, and the Fifth Amendment.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and the APA, 5 U.S.C. §§ 702-706.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and because the harms giving rise to the claims were experienced here.

## PARTIES

7. Plaintiff: Darren Buneo, 1125 Winding Pine Circle Unit 103, Cape Coral, Florida 33909. Phone: 732-580-7945. Email: sijudojo@aol.com.

8. Defendants: United States Department of Justice; Office of Justice Programs; Bureau of Justice Assistance; and the Public Safety Officers' Benefits Program (PSOB) (collectively, Defendants). Defendants administer, oversee, and control the PSOB program, including claimant communications, portal access, adjudication workflow, and accommodation/liaison processes.

## FACTUAL ALLEGATIONS

9. Plaintiff is a claimant/applicant in the PSOB process and has repeatedly attempted to communicate with PSOB personnel through the PSOB portal and other channels.

10. Plaintiff has a disability and has repeatedly requested disability-related accommodations to ensure reliable, meaningful access to PSOB communications and adjudicatory steps, including a third-party/liaison access mechanism to prevent recurrence of communication breakdowns.

11. On or after Plaintiff's accommodation requests, Plaintiff began experiencing severe access and communication failures: portal messages were not opened or responded to for an extended period, and alternative communication attempts were ineffective.

12. Plaintiff alleges that telephone contact pathways were effectively blocked or made futile, including being rerouted directly to voicemail in customer service and in the senior medical investigator contact channel, without return calls.

13. Plaintiff further alleges that executive-level follow-up communications (including emails and voicemail messages sent to executive contact information provided for follow-up) were not returned.

14. Plaintiff alleges that, until on or about December 10, 2025, dozens of Plaintiff's prior portal messages remained unopened; on or about that date, the medical review specialist opened numerous past messages and responded with a generic instruction not to generate new messages. Plaintiff alleges that, as a precaution, Plaintiff placed substantive content in subject lines because messages were not being opened, and that none of the underlying messages were substantively confirmed or addressed, including multiple requests for ADA-related accommodations and early notice requesting preservation of all communications.

15. Plaintiff alleges that Defendants failed to respond to portal messages and/or failed to ensure meaningful access to communications for an extended period, resulting in delay, distress, and loss of meaningful participation in a federal program process.

16. Plaintiff alleges Defendants attempted to frame the matter as a mere IT issue, while Plaintiff's requests and harms relate to program access, communication reliability, and accommodation after notice.

17. Plaintiff is prepared to submit extensive supporting exhibits, including emails, voicemails, portal screenshots, memorialized phone conversations, and supporting affidavits or witness declarations, at the appropriate stage of these proceedings.

## CHRONOLOGY OF NOTICE AND DENIAL OF MEANINGFUL ACCESS

18. June 15, 2025: Plaintiff participated in a conversation with PSOB executive-level staff confirming Plaintiff's expedited status; Plaintiff thereafter sent follow-up communications to the email address and telephone number provided for executive follow-up, including a follow-up email and a voicemail message.

19. On or after Plaintiff's accommodation requests: Plaintiff began experiencing portal and communication breakdowns, including messages not being opened or responded to, and being rerouted to voicemail in customer service and in the senior medical investigator contact channel, with calls not returned; Plaintiff further alleges executive follow-up emails and voicemails were not returned.

20. July 25, 2025: Plaintiff set a written deadline for PSOB to issue an award letter and/or provide meaningful response and access accommodations; Plaintiff alleges the deadline passed without the requested action.

21. July 28, 2025: Plaintiff proceeded toward legal escalation after the July 25 deadline passed without resolution, while continuing to document communications and portal activity.

22. August 9, 2025: Plaintiff's mailed global settlement materials were expected to be received by the agency, separating the statutory PSOB benefit from disability-access and related claims, and requesting prompt corrective action and confirmation of accommodations.

23. August 11, 2025: Plaintiff prepared and transmitted an escalation notice to the Department of Justice Office of Inspector General (OIG), alleging disability-access failures, non-responsiveness, and related misconduct requiring oversight review.

24. August 13, 2025: Plaintiff transmitted written notice raising concerns of program-access failures and an appearance-of-conflict issue affecting Plaintiff's ability to obtain meaningful participation and response in the PSOB process.

25. September 1, 2025: Plaintiff transmitted formal written notice materials and preserved evidence relating to access barriers, lack of meaningful response, and requested accommodations, including a durable third-party/liaison communication mechanism.

26. September 21, 2025: Plaintiff memorialized PSOB-related communications and follow-up concerning a scheduled three-way ADA-focused call intended to address accommodations and access, reflecting ongoing attempts to secure a workable accommodation path.

27. November 26, 2025: Plaintiff received a voicemail from PSOB leadership stating that an ADA liaison had contacted leadership the same day regarding Plaintiff's claim and requesting a return call; Plaintiff returned the call, rejected the issue being framed as a mere IT problem, reiterated denial-of-access and retaliation concerns, and renewed requests for accommodation and meaningful response.

28. December 10, 2025 (on or about): Dozens of Plaintiff's past portal messages were opened by the medical review specialist; Plaintiff alleges the only response was a generic instruction not to generate new messages, despite Plaintiff's precaution of placing substantive content in subject lines, and despite multiple pending accommodation requests and an early request to preserve communications.

29. December 2025 through February 2026: Plaintiff continued attempts to obtain meaningful access and a durable accommodation (including third-party or liaison access), while documenting communications and non-responsiveness.

30. February 11, 2026: Public Safety Officer's Benefits Program has maintained the plaintiff matter remains **expedited legal review,** and maintains the executive staff are awaiting ADA liaison conference call .

31. February 11, 2026: Plaintiff continued efforts to secure a liaison-based communication path to address accommodation needs and ensure reliable access going forward.

32. Despite repeated notice and documented attempts to resolve these issues through administrative channels, Plaintiff alleges Defendants have not implemented a reliable accommodation that ensures ongoing, meaningful program access and communication.

**CLAIMS FOR RELIEF**

**COUNT I - REHABILITATION ACT § 504: DENIAL OF MEANINGFUL ACCESS / FAILURE TO ACCOMMODATE (29 U.S.C. § 794)**

33. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

34. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, prohibits discrimination on the basis of disability under any program or activity conducted by an Executive agency and requires meaningful access and reasonable modifications where necessary.

35. Defendants, as operators of a federal benefits program and its communications processes, were required to provide Plaintiff meaningful access to program services and communications and to provide reasonable accommodations after notice.

36. Plaintiff requested accommodations (including third-party or liaison participation and an effective alternative communication method) to ensure reliable, meaningful access.

37. Plaintiff alleges Defendants failed to implement effective accommodations in a timely, reliable manner, resulting in denial of meaningful access to program communications and process, including by allowing communication channels to become futile or nonresponsive after notice, in violation of 29 U.S.C. § 794 and its implementing regulations, including 28 C.F.R. Part 39.

## COUNT II - REHABILITATION ACT § 508: ACCESSIBLE ELECTRONIC AND INFORMATION TECHNOLOGY (29 U.S.C. § 794d)

38. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

39. Section 508 of the Rehabilitation Act, 29 U.S.C. § 794d, requires federal agencies' electronic and information technology to be accessible to individuals with disabilities.

40. Plaintiff alleges Defendants' portal-based communications and related access mechanisms were not reliably accessible and usable as needed for program participation and were not reasonably accommodated after notice, causing denial of effective access and communication.

## COUNT III - ADMINISTRATIVE PROCEDURE ACT: AGENCY ACTION UNLAWFULLY WITHHELD OR UNREASONABLY DELAYED / ARBITRARY AND CAPRICIOUS (5 U.S.C. §§ 702-706)

41. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

42. Defendants' acts and omissions, including prolonged non-responsiveness, failure to ensure accessible communications, and failure to implement effective accommodations after notice, constitute agency action unlawfully withheld or unreasonably delayed and/or arbitrary and capricious conduct reviewable under the APA, 5 U.S.C. §§ 702-706.

43. Plaintiff seeks an order compelling lawful action and compliance with required standards of reasoned decision-making and accessible process.

## COUNT IV - FIFTH AMENDMENT DUE PROCESS: DENIAL OF MEANINGFUL OPPORTUNITY TO BE HEARD

44. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

45. The Fifth Amendment prohibits the federal government from depriving a person of liberty or property without due process of law.

46. Plaintiff alleges Defendants' sustained communication barriers, failure to accommodate after notice, and procedural obstruction effectively deprived Plaintiff of a fair opportunity to be heard and to participate meaningfully in the program's processes, violating due process.

## PRO SE STATUS AND RESERVATION OF RIGHTS

47. Plaintiff proceeds pro se at this time.

48. Plaintiff reserves the right to seek counsel at any time during these proceedings, and nothing in this filing shall be construed as a waiver of any rights, claims, remedies, or amendments permitted by the Federal Rules of Civil Procedure.

49. Plaintiff reserves the right to amend or supplement this Complaint as permitted by rule, including after Defendants' appearance and/or production of records.

**PRAYER FOR RELIEF**

50. Declare that Defendants' acts and omissions described above violate 29 U.S.C. § 794, 29 U.S.C. § 794d, the APA, and the Fifth Amendment.

51. Enter injunctive relief requiring Defendants to provide reliable, meaningful, and disability-accessible communications and procedures, including an effective accommodation or liaison mechanism.

52. Compel agency action unlawfully withheld or unreasonably delayed under the APA and order appropriate record-related relief.

53. Award costs and any other relief the Court deems just and proper.

Respectfully submitted,

_____

Darren Buneo (pro se)

1125 Winding Pine Circle Unit 103

Cape Coral, Florida 33909

732-580-7945

sijudojo@aol.com

Dated: February 11, 2026